UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| THOMAS A. MOURIER,<br>       Plaintiff,<br><br>v.<br><br>MASSACHUSETTS SECURITIES<br>DIVISION, et al.,<br>       Defendants. | **CIVIL ACTION**<br>**No. 23-11280-IT** |

MEMORANDUM AND ORDER
August 11, 2023

For the reasons set forth below, the court denies without prejudice Plaintiff Thomas A. Mourier's motions for leave to proceed *in forma pauperis* and to appoint counsel, and grants his motion for leave to electronically file. The court grants Mournier time to file a renewed application to proceed *in forma pauperis* and an amended complaint, if he wishes to proceed with this action.

**Background**

Plaintiff, proceeding *pro se*, filed a Complaint [Doc. No. 1] seeking equitable and monetary relief from the Massachusetts Securities Division and the Massachusetts Office of Consumer Affairs and Business Regulation. The complaint is submitted on a pre-printed form and states that he "brings this action against the Defendant(s) to challenge the constitutionality and enforceability of the state regulations on crowdfunding campaigns imposed by the Massachusetts Securities Division (or any relevant regulatory agency) (hereinafter referred to as "the Regulations")." *See* Compl. at ¶ III (statement of claim). Plaintiff further states that he seeks to protect his "constitutional rights and to prevent further harm resulting from the

implementation and enforcement of the Regulations." *Id.* The complaint asserts federal question jurisdiction under 28 U.S.C. § 1331 and references the First Amendment and the Securities Act of 1933. *Id.* at ¶ II(A). The Civil Cover Sheet [No. 1-1] states that the cause of action is 42 U.S.C. § 1983.

In addition to monetary damages, Plaintiff seeks to have the court "declare the regulations imposed by the Defendant(s) unconstitutional and unenforceable, thus affirming the plaintiff's right to engage in crowdfunding campaigns without the burden of content-based restrictions." *See* Compl. at ¶ IV (relief). Plaintiff also "seeks an injunction to prevent the Defendant(s) from implementing or enforcing the Regulations, thereby preserving the plaintiff's and SeedFunder's rights to engage in crowdfunding activities without undue restrictions." *Id.*

With the complaint, Plaintiff filed an Application to Proceed in District Court without Prepaying Fees or Costs [Doc. No. 2] and a Motion to Appoint Counsel [Doc. No. 3]. He also filed a Motion for Leave to Electronically File Pro Se [Doc. No. 5].

## **Motion for Leave to Proceed *In Forma Pauperis***

Upon review of Plaintiff's application to proceed in district court without prepaying fees or costs, the application is denied without prejudice.

A person seeking to proceed *in forma pauperis* in a federal district court must submit a financial affidavit that identifies all of the litigant's assets and shows that he is unable to pay the filing fee. *See* 28 U.S.C. § 1915(a)(1). "[O]ne must [not] be absolutely destitute to enjoy the benefit of the [*in forma pauperis*] statute" and the [*in forma pauperis*] statute does not require an individual to "contribute ... the last dollar they have or can get." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). However, "[i]n assessing an application to proceed in forma pauperis, a court may consider the resources that the applicant has or 'can get' from those

who ordinarily provide the applicant with the 'necessities of life,' such as 'from a spouse, parent, adult sibling or other next friend.'" *Fridman v. City of New York*, 195 F. Supp. 2d 534, 537 (S.D.N.Y. 2002) (quoting *Williams v. Spencer*, 455 F. Supp. 205, 208–09 (D. Md. 1978)).

In his application, Plaintiff represents that his sole source of income was a monetary gift from his parents and that he does not anticipate receiving any additional financial support or gifts from his parents in the future. However, in his motion to appoint counsel, Plaintiff states that he does not have a steady source of income and that he relies on financial aid and assistance from his parents to cover his educational expenses. Although Plaintiff indicates that he is a full-time student, he failed to submit a financial affidavit that identifies all of his sources of income and that shows how he is able to access the basic necessities of life. Without such information, the court cannot evaluate whether he qualifies for *in forma pauperis* status.

If Plaintiff wishes to proceed without prepayment of the filing fee, he must file a renewed Application to Proceed in District Court Without Prepaying Fees or Costs. He must supplement the form with additional information demonstrating how he is provided the basic necessities of life and must report any support—monetary or in kind—he has received from other individuals such as his parents.

## Motion to Appoint Counsel

The court denies without prejudice Plaintiff's Motion to Appoint Counsel. Under 28 U.S.C. § 1915(e)(1), the court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). As set forth above, Plaintiff has not provided sufficient information for the court to determine that he is unable to afford counsel. Moreover, there is no constitutional right to a free lawyer in a civil case. *See DesRosiers v. Moran*, 949 F.2d 15, 24 (1st

Cir. 1991), and Plaintiff has not filed a complaint establishing standing or asserting a viable claim, *see* Discussion below. Accordingly, his request for counsel is denied without prejudice.

## Motion for Leave to Electronically File *Pro Se*

The court grants permission for Plaintiff to file electronically on the condition that he satisfies all applicable training and other requirements for *pro se* litigants. *Pro se* litigants must have an individual PACER account to electronically file in the District of Massachusetts. To register for a PACER account, Plaintiff may go the Pacer website at https://pacer.uscourts.gov/register-account. *Pro se* e-filing account Instructions can be found at https://www.mad.uscourts.gov/caseinfo/nextgen-pro-se.htm.

## Screening of the Complaint

When a plaintiff seeks to file a complaint without prepayment of the filing fee, summonses do not issue until the court reviews the complaint and determines that it satisfies the substantive requirements of 28 U.S.C. § 1915. Section 1915 authorizes federal courts to dismiss a complaint *sua sponte* if the claims therein lack an arguable basis in law or in fact, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2).

Additionally, the court "has an obligation to inquire *sua sponte* into its own subject matter jurisdiction." *McCulloch v. Velez*, 364 F.3d 1, 5 (1st Cir. 2004); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the case."). "'[T]he party invoking the jurisdiction of a federal court carries the burden of proving its existence.'" *Calderón-Serra v. Wilmington Tr. Co.*, 715 F.3d 14, 17 (1st Cir. 2013) (citation omitted).

"Article III confines the federal judicial power to the resolution of 'Cases' and 'Controversies.'" *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203 (2021). Such a case or controversy exists only when the plaintiff demonstrates standing, in other words, "such a personal stake in the outcome of the controversy as to assure that concrete adverseness which sharpens the presentation of issues upon which the court so largely depends." *Gustavsen v. Alcon Laboratories, Inc.*, 903 F.3d 1, 6–7 (1st Cir. 2018) (citations and quotation omitted). To establish standing, "a plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *TransUnion LLC,* 141 S. Ct. at 2203. "If the plaintiff does not claim to have suffered an injury . . . there is no case or controversy for the federal court to resolve." *Id.* (citation and quotation omitted). At the pleading stage, plaintiff "bears the burden of establishing sufficient factual matter to plausibly demonstrate his standing to bring the action." *Hochendoner v. Genzyme Corp.*, 823 F.3d 724, 731 (1st Cir. 2016). "Neither conclusory assertions nor unfounded speculation can supply the necessary heft." *Id.*

When examining the sufficiency of the pleadings, the court considers whether the plaintiff has pled "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

Rule 8(d)(1) of the Federal Rules of Civil Procedure provides that allegations in the complaint "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). In assessing the sufficiency of the complaint, "an inquiring court must first separate wheat from chaff; that is, the

5

court must separate the complaint's factual allegations (which must be accepted as true) from its conclusory legal allegations (which need not be credited)." *Guadalupe-Baez v. Pesquera*, 819 F.3d 509, 514 (1st Cir. 2016) (citing *Morales-Cruz v. Univ. of P.R.*, 676 F.3d 220, 224 (1st Cir. 2012)). The court must then determine "whether the well-pleaded facts, taken in their entirety, permit 'the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (citations omitted).

A plaintiff's complaint need not provide an exhaustive factual account, only a short and plain statement. Fed. R. Civ. P. 8(a). However, the allegations must be sufficient to identify the manner by which the defendant subjected the plaintiff to harm and the harm alleged must be one for which the law affords a remedy. *Iqbal*, 556 U.S. at 678.

In conducting this review, the court liberally construes plaintiff's complaint because he is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

## **Discussion**

The crux of the complaint is a First Amendment challenge, under 42 U.S.C. § 1983, to unspecified regulations promulgated and/or enforced by the defendant state agencies. However, the complaint fails to establish that plaintiff has standing to bring suit. He has not alleged that he suffered an injury that is traceable to the purported regulations and he provides no facts to support such a challenge. Without factual support for such a claim, the court is unable to discern a cognizable federal claim.

Even if the complaint provided sufficient factual support, the State is not a 'person' under § 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 70-71 (1989). The Massachusetts Securities Division and the Massachusetts Office of Consumer Affairs and Business Regulation are not "persons" within the meaning of § 1983.

Additionally, the Eleventh Amendment bars this federal court from hearing Plaintiff's claims against the Commonwealth or its agencies. Under the Eleventh Amendment, a state and its agencies are immune from suit by private citizens, unless the State has waived its immunity, or Congress has exercised its power under § 5 of the Fourteenth Amendment to override that immunity. *Will*, 491 U.S. 58 at 66. Congress did not abrogate Massachusetts' sovereign immunity by enacting § 1983, *see id.*, and Massachusetts has not consented to suit in federal courts for the types of claims asserted here. *See Coggeshall v. Massachusetts Bd. of Registration of Psychologists*, 604 F.3d 658, 662 (1st Cir.2010). This "'jurisdictional bar applies regardless of the nature of the relief sought.'" *O'Neill v. Baker*, 210 F.3d 41, 47 (1st Cir. 2000) (quoting *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984)).[1] Here, the defendant agencies of the Commonwealth have not waived their immunity and Congress has not overridden the Commonwealth's immunity for monetary damages.

Plaintiff will be granted an opportunity to file an amended complaint to cure these pleading deficiencies. If Plaintiff files an amended complaint, that amended pleading – a new stand-alone document – must address the above deficiencies and set forth a plausible claim upon which relief may be granted. The amended complaint will replace the original complaint which will no longer be considered an operative pleading. Plaintiff should therefore ensure that all of his claims are contained in an amended complaint. The amended complaint must identify all of the parties in the caption. It must set forth the basis for this court's exercise of jurisdiction. Any

---

[1] The complaint does not name any state officials as defendants. *See Will*, 491 U.S. 58 at 71 n. 10 (1989) ("Of course a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the State.' *Kentucky v. Graham*, 473 U.S., at 167, n. 14, 105 S. Ct., at 3106, n. 14; *Ex parte Young*, 209 U.S. 123, 159–160, 28 S. Ct. 441, 453–454, 52 L. Ed. 714 (1908).").

amended complaint should, in numbered paragraphs, focus on the legal claims against each defendant, along with the basis for such claims. In other words, Plaintiff should set forth at least minimal facts as to who did what to whom, when, and where. He should not assert claims collectively against the defendants, but rather should separately parcel out the claims against each defendant, or if appropriate, groups of identified defendants. He also should not assert multiple causes of action against a defendant in one count; rather, he should identify separately each cause of action and the grounds therefore. If an amended complaint is filed, it will be further screened.

## Order

Accordingly, it is hereby

1. The Complaint is dismissed without prejudice for the reasons set forth above and Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs is denied without prejudice. If Plaintiff wishes to proceed in this matter, he must (1) file an amended complaint that demonstrates standing and sets forth a plausible claim upon which relief may be granted and (2) file a completed Application to Proceed in District Court Without Prepaying Fees or Costs that is supplemented with additional information demonstrating how he is provided the basic necessities of life. Failure to comply with these directives within twenty-eight (28) days of the date of this Memorandum and Order will result in dismissal of this action.

2. Plaintiff's Motion to Appoint Counsel is denied without prejudice.

3. Plaintiff's Motion for Leave to File Electronically Pro Se is allowed on the condition that he satisfies all applicable training and other requirements for *pro se* litigants. *Pro se* litigants must have an individual PACER account to electronically file in the District of Massachusetts. To register for a PACER account, Plaintiff may go the Pacer website at

https://pacer.uscourts.gov/register-account. *Pro se* e-filing account Instructions can be found at

https://www.mad.uscourts.gov/caseinfo/nextgen-pro-se.htm.

SO ORDERED.

August 11, 2023                                       /s/ Indira Talwani
                                                      UNITED STATES DISTRICT JUDGE